UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHAN RICE, et al** | **MISCELLANEOUS ACTION** |
| **VERSUS** | **NO: 11-2292-MLCF-SS** |
| **RELIASTAR LIFE INSURANCE, et al** | |

### ORDER

MOTION OF JOEL ARNOLD TO QUASH AND FOR PROTECTIVE ORDER (Rec. doc. 1)

**GRANTED IN PART AND DENIED IN PART**

Nathan Rice, Brandon Rice, Jonathan Rice, Jessica Rice, and Brenda Rice on behalf of her minor daughter, individually and on behalf of their deceased father, Gerald Rice ("Rice"), filed a complaint against Joel Arnold ("Arnold"), individually and in his capacity as a Livingston Parish Sheriff's Deputy, and Willie Graves ("Sheriff Graves"), individually and in his capacity as Livingston Parish Sheriff. The plaintiffs allege that: (1) Arnold shot and killed Rice; (2) he used excessive and unreasonable force; and (3) Sheriff Graves is liable for negligent hiring, retention, training and supervision of Arnold. Rec. doc. 4 (Exhibit A). Arnold responds that: (1) he and others responded to an emergency report that Rice was at home with a gun in a suicidal state of mind; (2) after the deputies arrived, he fired his gun through the wall of his garage; (3) he walked into the house with his gun in his hand; (4) he ignored demands to relinquish the weapon; and (5) to protect law enforcement officers, Arnold fired four shots, hitting and killing Rice. Rec. doc. 1.

The plaintiffs issued a subpoena to Bombet Cashio & Associates ("Bombet"), a private security agency and Arnold's prior employer, for: (1) Arnold's personnel file, including pre-employment examinations, training records, employment applications, performance evaluations and

separation records; and (2) communications between Bombet and Sheriff Graves relating to Arnold. Arnold seeks an order quashing the subpoena. In the alternative, he requests that Bombet produce the documents for *in camera* review to permit removal of irrelevant information and that any documents produced to Arnold be subject to a confidentiality order.

The subpoena for the complete personnel file is too broad. See Chauvin v. Lee, 2000 WL 6268, *3 (E.D.La.) (Wilkinson, M.J.) (documents relating to medical and annual leave and income taxes wholly irrelevant in action alleging that deputy violated constitutional rights through excessive force and unlawful arrests). The plaintiff can obtain the communications between Bombet and Sheriff Graves from the Sheriff. The parties shall proceed as follows:

1. Bombet shall produce: (a) all certificates of training or courses completed by Arnold; (b) all records (not including payroll, pension or other financial records) of termination or separation of employment and reasons for same; and (c) all documents relating to Arnold's performance; and (d) all evaluations for Arnold. Arnold's social security number shall be redacted from all such records.

2. The records shall be produced subject to the terms of a confidentiality order. If a confidentiality order is not entered in the record in the Middle District, the parties shall meet-and-confer to confect a joint motion for entry of a confidentiality order. If they cannot agree on the terms of a confidentiality order, they shall submit separate orders **within fourteen (14) calendars of the entry of this order**. The order that most closely fits the need of this case will be entered by the undersigned.

3.   Bombet shall produce the documents identified in part one above **within fourteen (14) calendar days of the receipt from counsel for the plaintiffs of copies of the confidentiality order and this order**.

IT IS ORDERED that Arnold's motion to quash (Rec. doc. 1) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 27th day of September, 2011.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**